WM. M. SEHORN, Trustee, *v.* S. H. McWHIRTER, *et al.*

1. VENDOR'S LIEN.  *What not.  Waiver of.*  Taking personal security on a note executed for land is not *prima facie* a waiver of the vendor's lien upon the land where he retains the title in himself or an express lien on the face of the deed, otherwise where no lien is retained in the deed.

2. Where a vendor who retained the title to land sold sought to subject it to the payment of a note executed by a third party, and endorsed by the vendee, alleging misrepresentation by the vendee as to the solvency of the maker, and that he had obtained judgment against him, but that he was insolvent, and the vendee answers, denying the alleged misrepresentations, and stating that the note was taken in absolute payment of so much of the purchase money as was called for by its face, and produces the record of the judgment at law, showing that as endorsor he had been discharged from its payment.  The allegations of the bill being thus met by the answer sustained by the record of the proceedings at law: *Held*, that *prima facie* the vendee is not liable to any decree in this court.

Cases cited: Campbell *v.* Baldwin, 2 Hum., 248; Marshall *v.* Christmas, 3 Hum., 616; Anthony *v.* Smith, 9 Hum., 508; Fogg *v.* Rogers, 2 Cold., 290; Sherley *v.* Keathy, 4 Cold., 29.

---

FROM M'MINN.

---

Appeal from a decree of the Chancery Court at Athens, rendered at its November Term, 1872.  Hon. D. M. KEY, presiding.

VAN DYKE, COOK & VAN DYKE, and G. W. BRIDGES for complainant.

W. L. HARBISON for respondent.

McFarland, J., delivered the opinion of the court.

The bill charges that complainant, as trustee for Mrs. Engledow and her children, held the title to a house and lot, No. 115, in Athens, but with power to sell, and that about the 1st day of September, 1870, he sold and contracted to convey the property to the defendant McWhirter, and gave him a bond to make him a title when the purchase money of $900 and interest was paid. For the payment of this purchase money McWhirter, at the time, delivered to him two notes, one executed to McWhirter by Lawrence Swaffer for $500, dated the 17th of February, 1870, and due the 1st of November thereafter. This note McWhirter assigned, for value received, to the complainant. McWhirter at the same time executed to the complainant a note for · $400, due 1st November, 1871. These two notes were held by the complainant for the purchase money of $900. The bill alleges that he had obtained judgment at law upon the first note against Swaffer, but can make nothing by execution; that McWhirter had misrepresented Swaffer's solvency at the time he took the note. The bill prays to have the house and lot sold to pay these two notes. It also prays to have the Swaffer note declared a lien upon certain lots in the town of Calhoun, which, it is charged, was the consideration of said note; but the complainant dismissed his bill so far as this relief is sought, and it need not be further noticed.

The defendant, McWhirter, answered the bill, ad-

mits the purchase of the house and lot, the execution of the $400 note, and concedes that this constitutes a lien upon the property, and as to this there is no controversy.

He also admits the transfer by him of the Swaffer note for $500, and his endorsement thereof, but denies the misrepresentation as to the solvency of Swaffer, and says he was then amply solvent, and so remained for some time afterwards, and even until after complainant obtained judgment against him.

The answer further shows that complainant brought his suit at law against Swaffer upon the $500 note, and also against respondent as endorser thereof; but the declaraction not avering proper demand and notice, a demurrer by respondent was sustained, and a final judgment rendered discharging him. The record of the Circuit Court sustaining this averment of the answer was filed as evidence. McWhirter admits that no deed was executed to him for the lot in Athens, but only a title bond taken, which bound the complainant to make him a title upon his making the final payment. He insists that the complainant took the Swaffer note, with respondent's endorsement, in absolute payment to that extent, and that he has been regularly discharged from all liability on this endorsement at the suit at law. The only evidence filed was the deed under which the complainant originally acquired the title to the lot in Athens, the two notes, and the record of the Circuit Court before referred to. Upon this record the Chancellor gave the complainant a decree for the $400 note and interest, with a lien

upon the house and lot, but refused all relief as to the $500 note.

The complainant has appealed.

The complainant's right to relief must be determined upon the admissions of the answer, with the documentary evidence mentioned, as there is no other proof. It is true, as argued by the complainant's counsel, that the taking of personal security upon a note for purchase money does not waive a vendor's right to subject the land to its payment in a case where the vendor has retained the title in . himself as security. In such case it stands as a mortgage, or an express lien. Where the vendor makes a deed without retaining any express lien, and takes a note with personal security, this is *prima facie* a waiver of his implied lien, but this may be rebutted. Not so, however, when the legal title is retained as security. See 2 Hum., 248; 3 Hum., 616; 2 Cold., 275; 4 Cold., 29; 9 Hum., 508.

So there could be no difficulty in holding that the complainant is entitled to hold the land for any balance of purchase money due him from McWhirter. But the answer denies that McWhirter owes any balance of purchase money except the $400 note, and say that the Swaffer note was taken by complainant in absolute payment to that extent, with respondent's endorsement, and that he has been discharged from his endorsement in the action at law, and this latter averment he sustains by the record. There is no proof to contradict the answer, and where the allegations of the bill are denied, the onus is upon the complainant to

Sehorn *v.* McWhirter.

make out his case. As McWhirter has been discharged from liability in the action at law upon this note *prima facie,* he is not liable to any decree in this court. At any rate, as the cause is now presented to us, we can render no decree against him. We do not say that the terms of the contract might have been such as to show that the complainant was not bound to convey the title to the house and lot until both notes were paid, and in this event the complainant might be entitled to the relief prayed for as to the $500 note, notwithstanding his failure to take the necessary steps to hold McWhirter at law upon his endorsement. We do not say how this is, for the title bond is not in evidence. We only have the admission of the answer in regard to it, which is that the complainant was bound to make title when the final payment was made, and at the same time insisting that the Swaffer note was taken as a payment.

There is no error, and the decree is affirmed. The complainant must pay the costs of this court.